UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
MICHAEL JOHN HURLEY,

                              Plaintiff,

       -against-

TOWN OF SOUTHAMPTON, SOUTHAMPTON
TOWN CODE ENFORCEMENT OFFICER
KENNETH GLOGG, SOUTHAMPTON TOWN
CODE ENFORCEMENT OFFICER RICARDO
LARIOS, SOUTHAMPTON TOWN LICENSE
REVIEW BOARD MEMBERS, JOHN and JANE
DOES 1-5,

                              Defendants.
-------------------------------------------------------------X

**REPORT AND**
**RECOMMENDATION**

CV 17-5543 (JS) (AKT)

**A. KATHLEEN TOMLINSON, Magistrate Judge:**

**I.    PRELIMINARY STATEMENT**

*Pro se* Plaintiff Michael John Hurley ("Plaintiff") commenced this action against Defendants Town of Southampton ("the Town"), Southampton Town Code Enforcement Officer Kenneth Glogg ("Officer Glogg"), Southampton Town Code Enforcement Officer Ricardo Larios ("Officer Larios"), the Southampton Town License Review Board ("the Board") Members, and John and Jane Does 1-5 (collectively, "Defendants") alleging various constitutional violations arising from Defendants' alleged conduct in connection with the enforcement of a Town ordinance which regulates the use of residential properties as rentals. *See generally* Complaint ("Compl.") [DE 1].

On February 26, 2018, Defendants filed a motion to dismiss Plaintiff's Complaint, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure [DE 20], which Plaintiff opposed [DE 22]. On March 31, 2018, Judge Seybert granted Defendants' motion as to all

claims, with the exception of Plaintiff's claims for false arrest and *Monell* liability, pursuant to 42 U.S.C. § 1983, against Officer Glogg, Officer Larios, and the Town. *See* September 21, 2018 Electronic Order Adopting Report and Recommendation. Defendants now move for summary judgment on Plaintiff's remaining claims, pursuant to Rule 56 of the Federal Rules of Civil Procedure, which Plaintiff opposes. *See generally* Defendants' Memorandum of Law in Support of Motion for Summary Judgment ("Defs.' Mem.") [DE 61-13]; Plaintiff's Memorandum of Law in Opposition to Motion for Summary Judgment ("Pl.'s Opp'n") [DE 68]; Defendants' Reply Memorandum of Law in Further Support of Motion for Summary Judgment ("Defs.' Reply") [DE 72-4].

Judge Seybert referred Defendants' motion for summary judgment to this Court for a Report and Recommendation as to whether the motion should be granted. *See* October 26, 2020 Electronic Order. For the reasons set forth below, the Court respectfully recommends to Judge Seybert that Defendants' motion for summary judgment be GRANTED.

## II.  BACKGROUND

### A.  Preliminary Issues

In accordance with Rule 56.1 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York, the Defendants submitted (1) a Statement of Material Facts ("Defs.' SOMF") [DE 61-12]; (2) the Declaration of Cheryl L. Berger, Esq. ("Berger Decl."), counsel for the Defendants, with supporting exhibits [DE 61]; and (3) a memorandum in support of their motion [DE 61-13]. In opposing Defendants' motion, the Plaintiff has submitted a "response" to Defendants' Rule 56.1 statement ("Pl.'s 56.1(b) Resp.") and a "Statement of Further Facts" which purports to serve as a Counterstatement of Material

Facts ("Pl.'s COMF") [DE 67], [1] along with a memorandum in opposition [DE 68]. In reply, Defendants submitted: (1) a "reply" to Plaintiff's Counterstatement of Material Facts ("Defs.' 56.1(b) Reply") [DE 74]; (2) the Reply Declaration of Cheryl L. Berger, Esq ("Berger Reply Decl.") with supporting exhibits [DE 72]; and a reply memorandum in further support of the motion [DE 72-4].

The Court observes several deficiencies in the parties' Rule 56.1 statements and responses. First, both parties mix factual assertions with legal arguments and conclusions. *See LG Capital Funding, LLC v. PositiveID Corp.,* No. 17-CV-1297, 2019 WL 3437973, at *2 (E.D.N.Y. July 29, 2019), *report and recommendation adopted*, No. 17-CV-1297, 2019 WL 4564882 (E.D.N.Y. Sept. 20, 2019) ("Legal arguments are impermissible in any Rule 56.1 Statement and are to be disregarded."). To the extent either party "improperly interject[ed] arguments and/or immaterial facts in response to facts asserted … without specifically controverting those facts," the Court has disregarded the statement or response. *See McFarlane v. Harry's Nurses Registry*, No. 17-CV-6350, 2020 WL 1643781, at *1 (E.D.N.Y. Apr. 2, 2020) (quoting *Risco v. McHugh*, 868 F. Supp. 2d 75, 85 n.2 (S.D.N.Y. 2012)). Second, although Plaintiff has admitted most of the factual assertions made in Defendants' Rule 56.1(a) statement, there are instances in which Plaintiff does not respond to the factual statements with an admission or denial, but rather states an "objection."[2] *See* Pl.'s 56.1(b) Resp. ¶¶ 8-9, 22-24. To

---

[1] Plaintiff combined his Rule 56.1(b) response and Counterstatement of Material Facts into one document found at DE 67. Plaintiff began his Counterstatement of Material Facts after his Rule 56.1(b) responses, starting at numbered paragraph 26. The Court hereafter refers to the first section of DE 67 as "Pl.'s 56.1(b) Resp." and the second section of DE 67 as "Pl.'s COMF."

[2] For example, in response to paragraph 24 of Defendants' Rule 56.1(a) statement, Plaintiff provides: "24. Objection Defendants['] Statement No. 24 is identical to Defendants['] Statement No. 21. The Terms of the Stipulation of Settlement, Exhibit H states what it states." Pl.'s 56.1(b) Resp. ¶ 24.

3

the extent Plaintiff's response is supposed to serve as a denial of the facts asserted, the Court has deemed these facts admitted because Plaintiff did not "specifically controvert" them with citations to the record.  *See Stewart v. Fashion Inst. of Tech.,* No. 18-CV-12297, 2020 WL 6712267, at *8 (S.D.N.Y. Nov. 16, 2020) ("Pursuant to Local Civil Rule 56.1, the movant's 'statements are deemed to be admitted where [the non-moving party] has failed to specifically controvert them with citations to the record.'") (quoting *Knight v. New York City Hous. Auth.*, No. 03-CV-2746, 2007 WL 313435, at *1 (S.D.N.Y. Feb. 2, 2007)); *Lumbermens Mut. Cas. Co. v. Dinow*, No. 06-CV-3881, 2012 WL 4498827, at *2 n.2 (E.D.N.Y. Sept. 12, 2012) ("Local Rule 56.1 requires ... that disputed facts be *specifically* controverted by admissible evidence. Mere denial of an opposing party's statement or denial by general reference to an exhibit or affidavit does not specifically controvert anything.") (emphasis in original).

Lastly, the Court points out that Rule 56.1 requires the nonmovant to "include a correspondingly numbered paragraph responding to each numbered paragraph in the statement of the moving party, and, *if necessary*, additional paragraphs containing … *[a] statement of additional material facts* as to which it is contended that there *exists a genuine issue to be tried*." Rule 56.1(b) (emphasis added).  Plaintiff's Rule 56.1 Counterstatement of Material Facts does not appear to assert any facts for which there exists a genuine issue to be tried nor does it serve to dispute the material facts asserted by Defendants.  Rather, Plaintiff's Counterstatement asserts additional facts, very few of which are material to the issues raised in the instant motion.  "On a motion for summary judgment, a fact is material if it might affect the outcome of the suit under the governing law." *Royal Crown Day Care LLC v. Dep't of Health & Mental Hygiene,* 746 F.3d 538, 544 (2d Cir. 2014) (internal quotation marks omitted); *GEICO Marine Ins. Co. v. Mandel,* No. 19-CV-3107, 2020 WL 6318948, at *2 (E.D.N.Y. Sept. 18, 2020), *report and*

4

*recommendation adopted,* No. 19-CV-3107, 2020 WL 5939186 (E.D.N.Y. Oct. 7, 2020); *I.M. v United States*, 362 F. Supp. 3d 161, 190 (S.D.N.Y. 2019).

Having reviewed the record, including the parties Rule 56.1(a) statements and responses, the declarations submitted in connection with the motion, and the exhibits attached to those declarations, the Court turns to what it considers to be the undisputed material facts or material facts uncontroverted by admissible evidence. *See Truitt v. Salisbury Bank & Tr. Co.*, No. 18-CV-8386, 2020 WL 4208452, at *1 (S.D.N.Y. July 21, 2020). In doing so, the Court construes the facts in the light most favorable to the party opposing the respective motion -- in this instance, the Plaintiff. *See Beyer v. Cty. of Nassau*, 524 F.3d 160, 163 (2d Cir. 2008); *Capobianco v. New York*, 422 F.3d 47, 50 (2d Cir. 2001); *Coastal Pipeline Prod. of New York v. Gonzales*, No. 04-CV-8252, 2006 WL 473883, at *4 (S.D.N.Y. Feb. 28, 2006).

**B.     The Undisputed Material Facts**

Plaintiff is the owner of real property located at 28 Club Lane in the Hamlet of Remsenburg, Town of Southampton, New York (the "Property"). Defs.' SOMF ¶¶ 1-2. Chapter 270 of the Town Code regulates the use of residential properties located in the Town as rentals. *Id*. ¶ 4. Chapter 270 of the Town Code, among other things: (1) prohibits the use of a dwelling as a rental property without a valid rental permit [Town Code § 270-3(A)]; (2) prohibits transient rentals, which is defined as a rental period of 14 days or less [Town Code §§ 270-1, -9(C)]; and (3) requires owners to notify the Chief Building Inspector in writing of the identity of new tenants in the event of a change in tenancy occurring during a permit term [Town Code § 270-(C)]. *Id*. ¶ 5. A violation of Chapter 270, with the exception of certain sections, is deemed a misdemeanor, punishable by a fine or imprisonment, or both. *Id*. ¶ 6; *see also* Town Code § 270-19(A)(5). Chapter 270 of the Town Code also permits the Town Attorney to bring and

5

maintain a civil proceeding, in the name of the Town, in the Supreme Court of the State of New York, to permanently enjoin the person committing a violation of the Chapter. Town Code § 270-19(D).

Between June 6, 2014 and July 26, 2014, Officer Glogg issued Plaintiff at least eight Appearance Tickets and Criminal Complaints in the Southampton Town Justice Court for violations of Sections 270-3(A), 9(C), and/or 4(C) of the Town Code. *Id.* ¶ 9. In addition to the criminal charges brought against Plaintiff, the Town filed an Order to Show Cause with Temporary Restraining Order and a Verified Complaint against Plaintiff in the New York State Supreme Court, Suffolk County on July 23, 2014. *Id.* ¶ 20. That same day, an order was entered in the civil action enjoining Plaintiff from using the Property as a rental property in violation of the Town Code. *See* July 23, 2014 Order to Show Cause with Temporary Restraining Order, annexed to the Berger Reply Decl. as Ex. 1 [DE 72-1]. Thereafter, the criminal proceeding in the Southampton Town Justice Court and the civil action in the New York State Supreme Court, Suffolk County proceeded concurrently against Plaintiff. *Id.* In August 2015, the Town and Plaintiff commenced negotiations toward a global settlement of the criminal charges and civil action. Pl.'s COMF ¶ 28.

On October 2, 2015, Plaintiff missed a court appearance in the criminal case. *Id.* ¶ 16. Consequently, that same day, Southampton Town Justice Deborah Kooperstein issued a bench warrant for Plaintiff's arrest. *Id.* ¶¶ 14-15. On October 7, 2015, Southampton Town Police Officer David Banks, Jr. ("Officer Banks") arrested Plaintiff pursuant to the bench warrant. *Id.* ¶ 17. Officers Glogg and Larios were present at the time of Plaintiff's arrest. *See* Transcript of November 26, 2019 Deposition of Michael John Hurley ("Hurley Tr.") at 88:18-95:14, annexed to the Berger Decl. as Ex. B [DE 61-4]. Plaintiff was thereafter transported to the Southampton

6

Town Police Station and detained there. Pl.'s COMF ¶ 30. After a few hours of being detained, Plaintiff was released. *Id*.

On October 27, 2015, Plaintiff and the Town entered into a Stipulation of Settlement, resolving the civil action and criminal charges brought against Plaintiff for his violations of the Town Code. Defs.' SOMF ¶ 21. Pursuant to the Stipulation of Settlement, the Town agreed to dismiss the criminal charges pending against Plaintiff in the Southampton Town Justice Court upon Plaintiff's payment of certain agreed upon fines. *Id.* ¶ 24; *see also* Stipulation of Settlement ¶ 6, annexed to the Berger Decl. as Ex. H [DE 61-10].

### C.   Procedural History

Plaintiff commenced this action against Defendants on September 21, 2017. *See* Compl. A little over a year late, on October 11, 2018, Plaintiff filed what he has titled an "addendum" to his Complaint. *See* DE 12. Plaintiff's Complaint made reference to constitutional and statutory provisions, as well as quasi-legal theories under both federal and state law. *See* Compl.; DE 12. On February 26, 2018, Defendants filed a motion to dismiss Plaintiff's Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure [DE 20], which Plaintiff opposed [DE 22]. Defendants' motion to dismiss was referred by Judge Seybert to this Court for a Report and Recommendation as to whether it should be granted. *See* DE 25. This Court construed the Complaint to allege nine causes of action under federal law, including eight constitutional violations and one violation of the Fair Housing Act, 42 U.S.C.A. § 3601 *et seq*., along with three causes of actions under state law. *See* August 13, 2018 Report and Recommendation ("R&R") at 13-14 [DE 34]. This Court recommended that Defendants' motion to dismiss be granted as to all of the claims asserted by Plaintiff, with the exception of Plaintiff's claims for false arrest and *Monell* liability against Officers Glogg and Larios and the Town pursuant to 42

7

U.S.C. § 1983. *Id*. at 54. On September 21, 2018, Judge Seybert adopted this Court's August 13, 2018 Report and Recommendation in its entirety. *See* September 21, 2018 Electronic Order Adopting R&R.

Defendants now move for summary judgment on Plaintiff's two remaining claims, pursuant to Rule 56 of the Federal Rules of Civil Procedure. *See generally* Defs.' Mem.; Pl.'s Opp'n; Defs.' Reply. Judge Seybert referred Defendants' motion for summary judgment to this Court for a Report and Recommendation as to whether the motion should be granted. *See* October 26, 2020 Electronic Order.

### III.   STANDARD OF REVIEW

Rule 56(a) of the Federal Rules of Civil Procedure provides that a "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial burden of establishing the absence of any genuine issue of material fact. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986); *Mihalik v. Credit Agricole Cheuvreux North America, Inc.*, 715 F.3d 102, 108 (2d Cir. 2013); *Holcomb v. Iona Coll.*, 521 F.3d 130, 137 (2d Cir. 2008). To determine whether the moving party has satisfied this burden, the Court is required to view the evidence and all factual inferences arising from that evidence in the light most favorable to the non-moving party. *Doro v. Sheet Metal Workers' Int'l Ass'n*, 498 F.3d 152, 155 (2d Cir. 2007); *Woodman v. WWOR-TV, Inc.*, 411 F.3d 69, 75 (2d Cir. 2005). In dispatching this task, a court need only consider admissible evidence. *Porter v. Quarantillo*, 722 F.3d 94, 97 (2d Cir. 2013) (quoting *Raskin v. Wyatt Co.*, 125 F.3d 55, 66 (2d Cir. 1997)).

8

Where the movant shows a *prima facie* entitlement to summary judgment, "the burden shifts to the nonmovant to point to record evidence creating a genuine issue of material fact." *Salahuddin v. Goord*, 467 F.3d 263, 273 (2d Cir. 2006); *Miller v. Nassau Health Care Corp.*, No. 09-CV-5128, 2012 WL 2847565, at *3 (E.D.N.Y. July 11, 2012). "[T]he nonmovant cannot rest on allegations in the pleadings and must point to specific evidence in the record to carry its burden on summary judgment." *Salahuddin*, 467 F.3d at 273; *see also McPherson v. N.Y.C. Dep't of Educ.*, 457 F.3d 211, 215 n.4 (2d Cir. 2006) ("[S]peculation alone is insufficient to defeat a motion for summary judgment."); *Byrnie v. Town of Cromwell, Bd. of Educ.*, 243 F.3d 93, 101 (2d Cir. 2001) ("Even where facts are disputed, in order to defeat summary judgment, the non-moving party must offer enough evidence to enable a reasonable jury to return a verdict in its favor."). Summary judgment is mandated if the non-moving party fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "The Court's goal should be to isolate and dispose of factually unsupported claims." *Dobbs v. Dobbs*, No. 06-CV-6104, 2008 WL 3843528, at *1 (S.D.N.Y. Aug. 14, 2008) (internal quotation marks omitted); *Bain v. Town of Hempstead*, No. 17-CV-6554, 2021 WL 413552, at *6 (E.D.N.Y. Feb. 5, 2021) (citing *Dobbs*, 2008 WL 3843528, at *1).

The same standards for summary judgment apply where, as here, the non-movant is proceeding *pro se*. *Williams v. Savory*, 87 F. Supp. 3d 437, 451 (S.D.N.Y. 2015). However, "special solicitude should be afforded *pro se* litigants generally, when confronted with motions for summary judgment." *Graham v. Lewinski*, 848 F.2d 342, 344 (2d Cir. 1988); *Leckie v. City of New York*, No. 18-CV-3917, 2021 WL 84234, at *4 (E.D.N.Y. Jan. 11, 2021).

## IV. DISCUSSION

### A. False Arrest

Defendants move for summary judgment on Plaintiff's false arrest claim, arguing that probable cause existed because Plaintiff was arrested pursuant to a valid bench warrant. *See* Defs.' Mem. at 8-9. A false arrest claim brought under § 1983 is substantially the same as a claim for false arrest brought under New York law. *See Singer v. Fulton County Sheriff*, 63 F.3d 110, 118 (2d Cir. 1998). To prevail on a claim for false arrest under New York law, a plaintiff must establish that: "(1) the defendant intended to confine him, (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement, and (4) the confinement was not otherwise privileged." *E.g.*, Wright v. Musanti, 887 F.3d 577, 587 (2d Cir. 2018); *Singer*, 63 F.3d at 118. "The existence of probable cause to arrest constitutes justification and is a complete defense to an action for false arrest, whether that action is brought under state law or under § 1983." *Gonzalez v. City of Schenectady*, 728 F.3d 149, 155 (2d Cir. 2013) (quoting *Weyant v. Okst*, 101 F.3d 845, 852 (2d Cir. 1996)). The burden of establishing the absence of probable cause rests on the plaintiff. *Nelson v. Hernandez*, 524 F. Supp. 2d 212, 220 (E.D.N.Y. 2007) (citing *Brown v. City of New York,* 306 F. Supp. 2d 473, 479 (S.D.N.Y.2004)).

"In general, probable cause to arrest exists when the officers have knowledge or reasonably trustworthy information of facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that the person to be arrested has committed or is committing a crime." *Id.* (citing *Weyant*, 101 F.3d at 852). "The inquiry is limited to 'whether the facts known by the arresting officer at the time of the arrest objectively provided probable cause to arrest.'" *Id.* (quoting *Jaegly v. Couch,* 439 F.3d 149, 153 (2d Cir. 2006)). "[W]hen an arrest is made pursuant to a facially valid warrant, there is a presumption that it was made with

10

probable cause." *Gaston v. Ruiz*, No. 17-CV-1252, 2018 WL 3336448, at *4 (E.D.N.Y. July 6, 2018) (quoting *Justice v. Kuhnapfel*, 985 F. Supp. 2d 334, 339 (E.D.N.Y. 2013)); *see also Rhodes v. United States*, 519 Fed. App'x 703, 705 (2d Cir. 2013) ("Where the plaintiff was arrested pursuant to a warrant issued by a neutral magistrate, as here, we presume that probable cause existed.") (citing *Walczyk v. Rio,* 496 F.3d 139, 155–56 (2d Cir. 2007)). A plaintiff may rebut this presumption only by a showing that the "warrant was facially invalid or that it was procured through fraud, perjury, or the misrepresentation or falsification of evidence." *Vasquez v. Reilly*, No. 15-CV-9528, 2017 WL 946306, at *7 (S.D.N.Y. Mar. 9, 2017) (citing *Soares v. Connecticut*, 8 F.3d 917, 920 (2d Cir. 1993) ("A plaintiff can demonstrate that [his right to be protected against false arrests] was violated where the officer submitting the probable cause affidavit 'knowingly and intentionally, or with reckless disregard for the truth, made a false statement in his affidavit' or omitted material information, and that such false or omitted information was 'necessary to the finding of probable cause.'")); *see also Sheikh v. City of N.Y., Police Dep't*, Nos. 03-CV-6326, 05-CV-4718, 2008 WL 5146645, at *7 (E.D.N.Y. Dec. 5, 2008) ("In the face of a valid warrant where there is no showing of fraud, misrepresentation or falsification of evidence, there is no claim for false arrest, either under New York law or as a matter of Federal Civil Rights."); *Cogswell v. Cty. of Suffolk Deputy Sheriff's Dep't*, 375 F. Supp. 2d 182, 187 (E.D.N.Y. 2005) ("This presumption of probable cause can be rebutted only by a showing of 'fraud, perjury, or the misrepresentation or falsification of evidence.'") (quoting *Artis v. Liotard,* 934 F. Supp. 101, 103 (S.D.N.Y. 1996)). A plaintiff who argues that a warrant was issued on less than probable cause "faces a heavy burden." *Blanchard v. Doe,* No. 17-CV-6893, 2019 WL 2439433, at *4 (E.D.N.Y. Feb. 11, 2019), *report and recommendation adopted*, No.

11

17-CV-6893, 2019 WL 1123810 (E.D.N.Y. Mar. 12, 2019) (citing *Golino v. City of New Haven*, 950 F.2d 864, 870 (2d Cir. 1991)).

In the instant case, it is undisputed that on October 2, 2015 (1) Plaintiff missed a court appearance in connection with the criminal charges brought against him by the Town [Defs.' SOMF ¶ 16]; (2) Southampton Town Justice Kooperstein issued a bench warrant for Plaintiff's arrest as a result of his failure to appear [*Id*. ¶¶ 14-15]; and (3) Plaintiff was subsequently arrested pursuant to that warrant [*Id*. ¶ 17]. Therefore, a presumption arises that Plaintiff's arrest was effectuated with probable cause. *See Clase v. United States*, No. 17-CV-2247, 2020 WL 6438757, at *5 (E.D.N.Y. Nov. 2, 2020), *report and recommendation adopted*, No. 17-CV-2247, 2020 WL 7021593 (E.D.N.Y. Nov. 30, 2020) ("Plaintiff's arrest was initiated through an arrest warrant issued by a justice of the New York State Supreme Court, establishing probable cause."); *Lenhard v. Dinallo*, No. 08-CV-0165, 2011 WL 4592804, at *6 (N.D.N.Y. Sept. 30, 2011) ("Defendants are entitled to a presumption of probable cause to arrest Plaintiffs because Defendants acted pursuant to a valid warrant issued by Justice Peryea."). Plaintiff has not offered any evidence that the warrant was procured through fraud, perjury, or the misrepresentation or falsification of evidence. In fact, Plaintiff concedes that he failed to appear before Southampton Town Justice Kooperstein for a scheduled court appearance in the criminal proceeding, resulting in the bench warrant being issued for his arrest.

However, to rebut the presumption of probable cause, Plaintiff argues that the warrant was invalid because it was issued in a proceeding which purportedly violated his Fifth

Amendment protections[3] against double jeopardy.[4]  *See* Pl.'s Opp'n at 7-9.  Although not entirely clear, Plaintiff is apparently contending that the preliminary injunction obtained against him in the civil action constituted a "criminal punishment" for which jeopardy attached because it carried with it the prospect of being punished for contempt in the event that his use of the Property violated the Town Code.  *Id*. at 9.  From there, Plaintiff reasons that because jeopardy purportedly attached in the civil action, the continuation of the criminal proceedings against him for his violations of the Town Code violated his due process and double jeopardy protections.  *Id*.  According to Plaintiff, this, in turn, rendered the bench warrant for his arrest "invalid" for the purposes of his false arrest claim.  *Id*.  He cites no case where a court has found such to be the situation in comparable circumstances.

Although an "invalid" warrant is insufficient to create probable cause for an arrest, Plaintiff's argument misinterprets the meaning of "invalidity" in this context.  "There are relatively narrow grounds for challenging the validity of an arrest warrant."  *Rosado v. Vill. of Goshen*, No. 16-CV-6916, 2019 WL 1437522, at *8 n.8 (S.D.N.Y. Mar. 31, 2019) (citing *Rodriguez v. City of Bridgeport*, 2005 WL 3307274 at *5 (D. Conn. 2005)).  "[W]hen a warrant appears regular on its face, it constitutes probable cause for arrest."  *Johnson v. Darby*,

---

[3]    Plaintiff also concurrently references the Due Process Clause of the Fourteenth Amendment to assert that "the Double Jeopardy Clause of the Fifth Amendment is applicable to the States through the Fourteenth Amendment."  *See* Pl.'s Opp'n at 7-9.  Plaintiff, however, does not appear to be asserting an independent substantive or procedural due process claim under the Fourteenth Amendment.

[4]    To the extent Plaintiff is attempting to raise a new affirmative double jeopardy claim, the Court declines to consider it.  Generally, parties may not amend their complaints through their submissions on summary judgment.  *Kravitz Leis*, 803 Fed. App'x 547, 548 (2d Cir. 2020) (summary order) (citing *Greenidge v. Allstate Ins. Co.*, 446 F.3d 356, 361 (2d Cir. 2006) (concluding that district court did not err by declining to consider claim raised for the first time in opposition to summary judgment)).

13

142 F. Supp. 3d 275, 278 (E.D.N.Y. 2015), *aff'd sub nom. Johnson v. Dobry*, 660 Fed. App'x 69 (2d Cir. 2016) (citing *T.L. Baker v. McCollan,* 443 U.S. 137, 99 S.Ct. 2689, 61 L.Ed.2d 433 (1979)). "Essentially, invalidity means that a police officer can look at the face of the warrant and plainly see that it is unenforceable." *Rosado*, 2019 WL 1437522, at *8 n.8; *see also Johnson*, 142 F. Supp. 3d at 278. The district court in *Johnson* used the example of a warrant signed by "Santa Claus" or issued out of the "Supreme Court of Heaven" as examples of warrants which are plainly invalid on their face. *Johnson*, 142 F. Supp. 3d at 278-279. Plaintiff does not challenge the validity of the warrant here on these or any similar grounds. While Plaintiff seemingly disputes the authority of Southampton Town Justice Kooperstein to issue the warrant in the first instance, courts have rejected such a basis for challenging the facial validity of an arrest warrant for the purpose of a false arrest claim.[5] *See Blanchard*, 2019 WL 2211079, at *3 ("Even if the arrest warrant were issued by Judge Greenberg without authority, however, this fact alone would not mean that the warrant was 'invalid' for the purpose of Plaintiff's false arrest claims against the Officer Defendants. Rather, 'invalidity in this context must mean that a reasonable police officer can look at the face of the warrant and see that it cannot be enforce[d].'") (citation omitted). Accordingly, Plaintiff has not rebutted the presumption of probable cause created by the issuance of a valid arrest warrant.

---

[5] Because Plaintiff's dispute as to Judge Kooperstein's authority to issue the warrant does not serve as a permissible basis to challenge the facial validity of the warrant, the Court need not consider Plaintiff's contentions regarding: (1) Officer Banks, Glogg, and Larios' purported knowledge regarding the criminal proceeding and Southampton Town Justice Kooperstein's authority to issue the warrant at the time of Plaintiff's arrest; or (2) the events that purportedly took place at the Southampton Town Police Station after Plaintiff's arrest. *See* Pl.'s Opp'n at 6-7, 12-13.

Because there was probable cause to arrest Plaintiff based on the warrant, the Court respectfully recommends to Judge Seybert that Defendants' motion for summary judgment on Plaintiff's false arrest claim be GRANTED.[6] *See Galarza v. Monti*, 327 F. Supp. 3d 594, 603 (S.D.N.Y. 2018) ("Because Officer Monti had probable cause to arrest the plaintiff based on the outstanding warrant, he is entitled to summary judgment dismissing the Fourth and Fourteenth Amendment false arrest claim."); *Mitchell v. Siersma*, No. 14-CV-6069, 2018 WL 4566878, at *3 (W.D.N.Y. Sept. 24, 2018) ("Because no claim for false arrest may lie where an arrest is effected pursuant to a valid warrant, Defendants are entitled to summary judgment and Plaintiff's false arrest and false imprisonment claims are dismissed.").

### B.     The Question of Liability Under *Monell*

Defendants move for summary judgment arguing that the *Monell* claim cannot be sustained because there is no underlying constitutional violation. *See* Defs.' Mem. at 10. Alternatively, even assuming an underlying constitutional violation exists, Defendants argue that the record does not reflect any municipal policy or custom which caused the constitutional violation. *Id*. at 11. In opposition to this aspect of the motion, Plaintiff contends for the first time that the Town had a policy or custom to deny him double jeopardy protections afforded under the Fifth Amendment by concurrently proceeding with civil and criminal actions against him for violations of the Town Code. *See* Pl.'s Opp'n at 13-15.

"[A] municipality cannot be held liable *solely* because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 691, 98 S. Ct. 2018, 2036, 56

---

[6]  Because there was probable cause to arrest Plaintiff, the Court need not consider Defendants' alternative argument that they are entitled to qualified immunity.

15

L.Ed. 2d 611 (1978) (emphasis in original). Rather, to state a claim against a municipality under Section 1983, "a plaintiff must assert that the alleged violations were committed pursuant to an official policy, practice or custom." *Holland v. The City of New York*, No. 14-CV-5517, 2016 WL 3636249, at *9 (S.D.N.Y. June 24, 2016) (citing *Monell*, 436 U.S. at 694); *see Feliciano v. Cty. of Suffolk*, 419 F. Supp. 2d 302, 312 (E.D.N.Y. 2005). To successfully set forth such a claim, a plaintiff is required to plead three elements: "(1) an official policy or custom that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional right." *McLennon v. City of New York*, 171 F. Supp. 3d 69, 94 (E.D.N.Y. 2016) (quoting *Torraco v. Port Auth. of N.Y. & N.J.*, 615 F.3d 129, 140 (2d Cir. 2010)); *see Simms v. City of N.Y.*, 480 Fed. App'x 627, 629 (2d Cir. 2012). In order to establish the existence of a policy or custom, a plaintiff must allege that one of the following exists:

> (1) a formal policy officially endorsed by the municipality; (2) actions taken by government officials responsible for establishing the municipal policies that caused the particular deprivation in question; (3) a practice so consistent and widespread that, although not expressly authorized, constitutes a custom or usage of which a supervising policy-maker must have been aware; or (4) a failure by policymakers to provide adequate training or supervision to subordinates to such an extent that it amounts to deliberate indifference to the rights of those who come into contact with the municipal employees.

*Tieman v. City of Newburgh*, No. 13-CV-4178, 2015 WL 1379652, at *13 (S.D.N.Y. Mar. 26, 2015) (quoting *Brandon v. City of New York,* 705 F. Supp. 2d 261, 276-77 (S.D.N.Y. 2010)). "*Monell* does not provide a separate cause of action." *Segal v. City of New York*, 459 F.3d 207, 219 (2d Cir. 2006) (citation omitted). Instead, *Monell* "extends liability to a municipal organization where that organization's failure to train, or the policies or customs that it has sanctioned, led to an independent constitutional violation." *Id*. (citation omitted).

To the extent that Plaintiff is now attempting to premise his *Monell* claim on an alleged violation of the Double Jeopardy Clause of the Fifth Amendment, the Court notes that the Complaint neither pleads this constitutional violation as a separate cause of action, nor does it plead a *Monell* claim based on this constitutional violation. "It is well established that a party may not 'assert a cause of action for the first time in response to a summary judgment motion.'" *Dash v. Montas*, No. 17-CV-0515, 2020 WL 1550708, at *14 (E.D.N.Y. Mar. 31, 2020) (quoting *Greenidge v. Allstate Ins. Co*, 312 F. Supp. 2d 430, 436-37 (S.D.N.Y. Feb. 19, 2004)); *see also Rojo v. Deutsche Bank*, 487 Fed. App'x 586, 588-89 (2d Cir. 2012) (summary order) ("We have refused to address the merits of claims raised for the first time at [summary judgment]."). Therefore, the Court declines to consider Plaintiff's *Monell* claim based on an alleged violation of the Double Jeopardy Clause of the Fifth Amendment. *See Young v. Suffolk Cty.*, 922 F. Supp. 2d 368, 395-96 (E.D.N.Y. 2013) (rejecting plaintiff's attempt to assert an alternative theory of *Monell* liability on summary judgment based on a constitutional violation not alleged in the complaint); *Marchand v. Simonson*, 16 F. Supp. 3d 97, 109 (D. Conn. 2014) (granting summary judgment dismissing plaintiff's asserted theory of *Monell* liability because it was never pleaded). Instead, the Court's consideration is limited to Plaintiff's false arrest claim -- the only independent constitutional violation alleged in the Complaint which survived Defendants' motion to dismiss. *See* August 13, 2018 R&R at 54.

As discussed above, Plaintiff cannot establish the alleged underlying constitutional violation on which his *Monell* claim is predicated. Accordingly, the Court respectfully recommends to Judge Seybert that Defendants' motion for summary judgment on Plaintiff's *Monell* claim be GRANTED. *See Hirsch v. New York*, 751 Fed. App'x 111, 116 (2d Cir. 2018) ("Because the district court properly found no underlying constitutional violation, its decision

17

not [to] address the municipal defendants' liability under *Monell* was entirely correct.") (citing *Segal*, 459 F.3d at 219); *Schramm v. City of New York,* No. 16-CV-0553, 2019 WL 6791462, at *7 (S.D.N.Y. Dec. 11, 2019), *appeal dismissed* (Feb. 18, 2020) (dismissing plaintiff's *Monell* claim on summary judgment because plaintiff failed to make out any valid claims of unconstitutionality on the part of the defendants); *Tortora v. City of New York*, No. 15-CV-3717, 2019 WL 9100369, at *24 n.26 (E.D.N.Y. Mar. 30, 2019), *aff'd*, 804 Fed. App'x 35 (2d Cir. 2020) (same); *Simpson v. Town of Warwick Police Dep't*, 159 F. Supp. 3d 419, 438 (S.D.N.Y. 2016) (dismissing plaintiff's *Monell* claim on summary judgment based on plaintiff's arrest because probable cause existed for the arrest); *Wiltshire v. Wanderman*, No. 13-CV-9169, 2015 WL 4164808, at *4 (S.D.N.Y. July 10, 2015) (same).

## V.  CONCLUSION

For the foregoing reasons, the Court respectfully recommends to Judge Seybert that Defendants' motion for summary judgment be GRANTED and that Plaintiff's false arrest and *Monell* claims brought pursuant 42 U.S.C. § 1983 be dismissed.

## VI.  OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule 72 of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections.  *See* Fed. R. Civ. P. 6(a), (e).  Such objections by an attorney of record shall be filed with the Clerk of the Court via ECF.  Any objections by a *pro se* party shall be filed with the Clerk of the Court by overnight mail or regular mail.  **A courtesy copy of any objections filed is to be sent to the Chambers of the Honorable Joanna Seybert.  Any requests for an extension of time for filing objections must be directed to Judge Seybert prior to the expiration of the fourteen (14) day period for filing objections**.  Failure to file objections will

result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Beverly v. Walker*, 118 F.3d 900, 901 (2d Cir. 1997), *cert. denied*, 522 U.S. 883 (1997); *Savoie v. Merchants Bank*, 84 F.3d 52, 60 (2d Cir. 1996).

**SO ORDERED.**

Dated: Central Islip, New York
      February 10, 2021

/s/ A. Kathleen Tomlinson
A. KATHLEEN TOMLINSON
U.S. Magistrate Judge
